## T. S. McDADE v. WALLER COUNTY.

### (No. 1977.)

APPEAL from Waller County. Opinion by WILLSON, J.

HARVEY & BROWN, counsel for appellant.

A. G. LIPSCOMB and T. S. REESE, counsel for appellee.

**§ 110.** *Guard; sheriff cannot bind county for services of; liability of county for such services, how created; case stated.* Appellant, being sheriff of Waller county, employed one Wooley to guard prisoners confined in the jail of said county. This employment was without the approval of the commissioners' court or county judge of said county. Wooley served as such guard three months, and the pay claimed for such service amounted to $136.50, for which amount appellant sued appellee in justice's court and recovered judgment therefor. Appellee appealed to the county court where judgment was rendered in its favor. *Held:* Article 4522 of the Revised Statutes provides, "Whenever in any county it may become necessary to employ guards for the safe-keeping of prisoners and the security of jails, the sheriff may, with the approval of the commissioners' court, or, in cases of emergency, with the approval of the county judge, employ such number of guards as may be necessary, and his account therefor, duly itemized and sworn to, shall be allowed by said commissioners' court and paid out of the county treasury." Thus we see that the power of the sheriff to employ guards is expressly defined and limited. He can only make such employment with the approval of the commissioners' court, or, in cases of emergency, with the approval of the county judge. There is but one instance in which he may employ guards without such approval, and that is where there is no jail in the county. [C. C. P. art. 54.]

**§ 111.** *Claim for services, etc., of guard must be presented to commissioners' court.* It is further provided by statute that the commissioners' court of the county shall audit and settle all accounts against the county, and direct their payment. [R. S. art. 1514.] It is also provided that at each regular term of the commissioners' court, the sheriff shall present to said court his account for guard hire, etc. [C. C. P. art. 1071.] Which account said court shall act upon. [C. C. P. 1072.] It is also expressly provided that "No county shall be sued unless

the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof." [R. S. art. 677.] The claim sued upon in this case was not presented to the commissioners' court verified by the affidavit of the sheriff as required by the statute. [C. C. P. art. 1071.] A presentation of the account in accordance with the statute was a condition precedent to appellant's right to sue the county thereon, and no other court had jurisdiction to adjudicate the claim until it had been properly presented to the commissioners' court, and that court had neglected or refused to allow it.

February 20, 1886.                 Affirmed.